# IN THE SUPREME COURT OF IOWA

No. 14–1789

Filed February 17, 2017

**STATE OF IOWA,**

    Appellee,

vs.

**SHANNON ELIZABETH LEE BREEDEN,**

    Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

A juvenile convicted of attempted murder seeks further review of a court of appeals decision affirming the district court's restitution order. **DECISION OF COURT OF APPEALS AND JUDGMENT AND SENTENCE OF DISTRICT COURT AFFIRMED.**

Mark C. Smith, State Appellate Defender, Joseph A. Fraioli, Assistant Appellate Defender (until withdrawal), then Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Michael Walton, County Attorney, and Julie Walton, Assistant County Attorney, for appellee.

**PER CURIAM.**

After pleading guilty in 2003 to attempted murder in a homicide case, the defendant received a twenty-five-year prison sentence, including a mandatory minimum term of incarceration, and was ordered to pay $150,000 in mandatory restitution to the victim's estate.  *See* Iowa Code § 707.11; *id.* § 902.12(2); *id.* § 910.3B(1) (2001).   The defendant was sixteen years old at the time of the offense.  In 2014, the defendant was resentenced and received immediate parole eligibility because the mandatory minimum period of incarceration had been ruled unconstitutional.  *See State v. Lyle,* 854 N.W.2d 378, 404 (Iowa 2014). The district court left the $150,000 restitution in place, however.

The defendant appeals her resentencing, challenging only the $150,000 in restitution to the victim's estate.  We are thus asked to decide whether Iowa Code section 901.5(14), enacted in 2013, gave the district court discretion to impose something less than $150,000 in restitution and, if not, whether this mandatory restitution is unconstitutional either on its face or as applied to this defendant.  Most of these questions have been answered today in *State v. Richardson,* ___ N.W.2d ___ (Iowa 2016).  For the reasons set forth in *Richardson,* we conclude that section 901.5(14) does not apply to restitution and that the $150,000 mandatory restitution in homicide cases is not facially unconstitutional.  In addition, as discussed below, we conclude on this record that the $150,000 mandatory restitution is not unconstitutional as applied to this defendant.

### I.  Background Facts and Proceedings.

According to the minutes of testimony, on the morning of May 27, 2002, the Davenport Police Department received a 911 call from an individual named Shannon claiming that her boyfriend, Jonathan, had

witnessed a murder. Police reported to a homeless encampment near the Mississippi River to investigate Shannon's call. Upon arrival, officers spoke with the caller, defendant Shannon Breeden, and her boyfriend Jonathan Hillman. Breeden was sixteen years old at the time and Hillman was twenty-eight.

The couple led police to a dead body near the homeless camp that was later identified as that of Paula Heiser. Initially, the couple told police officers they had seen another man fighting with Heiser and identified this man as responsible for Heiser's death. Police arrested the man and took Breeden and Hillman to the police station for further witness statements.

At the police station, the couple's story began to change. Eventually, Breeden told police it was Hillman who had assaulted Paula Heiser the night before. Breeden added that at some point during the assault, Hillman urged her to join in. Breeden confessed to police officers that she had taken part in the assault before the couple ultimately left Heiser for dead.

Breeden was charged with first-degree murder and willful injury as a result of Heiser's death. *See* Iowa Code § 707.2; *id.* § 708.4(1) (2001). Before trial, Breeden was offered a plea deal that would allow her to plead guilty to the lesser included offense of attempted murder, a class "B" felony in violation of Iowa Code section 707.11, in exchange for her testimony against Hillman. Breeden accepted the offer and pled guilty to attempted murder.

On February 28, 2003, Breeden was sentenced to a term of incarceration not to exceed twenty-five years. Because Breeden had been convicted of a forcible felony, Iowa law at that time required her to serve a mandatory minimum of eighty-five percent of the term. *See id.*

§ 902.12; *id.* § 903A.2(1)(*b*). At the time of sentencing, Breeden was also ordered to pay $150,000 in restitution to Heiser's estate pursuant to Iowa Code section 910.3B.

In September 2013, Breeden filed a motion to correct an illegal sentence based on recent developments in juvenile sentencing law. The district court held a hearing on Breeden's motion on September 23, 2014. The district court began by vacating Breeden's 2003 sentence because it contained a mandatory minimum term of incarceration. The district court then immediately conducted a new sentencing hearing.

Breeden testified that at the time of the murder, she was sixteen years old and homeless, and had only attended school through the ninth grade. Breeden described her relationship with Hillman at the time as "abusive and controlling." Breeden testified that after entering prison, she had had several "unhealthy" relationships and was responsible for one prison assault. Breeden also had completed various education and treatment programs and maintained employment while in prison.

The sentencing court made a record based on Breeden's age at the time of the offense and other *Miller/Ragland* factors. *See State v. Ragland*, 836 N.W.2d 107, 115 n.6 (Iowa 2013) (quoting *Miller v. Alabama*, 567 U.S. ___, ___, 132 S. Ct. 2455, 2468, 183 L. Ed. 2d 407, 423 (2012)). The court determined that incarceration remained an appropriate sentence for Breeden but did not impose a mandatory amount of time to be served. The court thus resentenced Breeden to an indeterminate twenty-five-year prison sentence with credit for time served and immediate parole eligibility. The court further stated, "The previous assessments for restitution of the $150,000 and those related costs in that previous sentencing are incorporated here and imposed

again against the defendant." Breeden did not raise any objection to restitution at the resentencing hearing.

Nonetheless, Breeden appealed, challenging only the $150,000 restitution awarded to the victim's estate. Breeden argued the sentencing court had discretion under Iowa Code section 901.5(14) (2014) to impose a lower amount of restitution and should have exercised that discretion to reduce the award. In addition, Breeden claimed section 910.3B, to the extent it mandated a $150,000 restitution award, violated article I, section 17 of the Iowa Constitution both on its face as it pertains to all juvenile offenders and as applied to the particular circumstances of her case.

We transferred Breeden's case to the court of appeals. That court concluded Iowa Code section 901.5(14) does not authorize a lower restitution amount because "sentence," as used in the statute, does not include restitution or fines. The court also rejected Breeden's facial challenge to section 910.3B because "[n]either *Miller* nor Iowa's *Miller* progeny mention restitution or fines." Finally, the court rejected Breeden's as-applied challenge to her restitution order, reasoning that the restitution was not constitutionally excessive because it bore a reasonable relationship to the harm caused by the offense. We granted Breeden's application for further review.

## II. Standard of Review.

"We review 'the trial court's application of pertinent sentencing statutes for corrections of error at law.'" *State v. Calvin*, 839 N.W.2d 181, 184 (Iowa 2013) (quoting *State v. Hawk*, 616 N.W.2d 527, 528 (Iowa 2000)). We review an allegedly unconstitutional sentence de novo. *State v. Lyle*, 854 N.W.2d at 382.

### III.  Analysis.

Our first issue is one of statutory interpretation.  For the reasons set forth in today's *Richardson* decision, we conclude that Iowa Code section 901.5(14) does not alter the application of section 910.3B(1) to juvenile homicide offenders.  *See Richardson,* ___ N.W.2d at ___.  Thus, minimum restitution of $150,000 under Iowa Code section 910.3B remains statutorily mandated when "the offender is convicted of a felony in which the act or acts committed by the offender caused the death of another person."  Iowa Code § 910.3B(1).  Breeden does not dispute the factual predicate for imposing section 910.3B restitution has been met here.

Additionally, for reasons detailed in *Richardson,* we hold that this mandatory minimum restitution for juvenile homicide offenders is not facially invalid under article I, section 17 of the Iowa Constitution.

This leaves Breeden's as-applied challenge to the $150,000 restitution in her specific case.  We have discussed the framework for analyzing such challenges in *Richardson.*  Like the defendant in *Richardson,* Breeden argues her age at the time of the offense, history of abuse, troubled upbringing, and abusive relationship with codefendant Hillman are all "circumstances of the offense" which make the $150,000 restitution award disproportionate to the gravity of her offense. Nonetheless, as in *Richardson,* the offense committed by Breeden in this case was extremely serious in nature.  Breeden admitted to police that she joined in Hillman's deadly assault on Heiser.  Breeden punched Heiser in the face while Heiser was lying on the ground and pulled Heiser's head by the hair and "slammed" her face into the mud.  Breeden had cuts on her knuckles which she said were caused by punching Heiser in the teeth.  By pleading guilty to attempted murder, Breeden

also acknowledged acting with a specific intent to kill Heiser. Thus, even considering Breeden's age at the time of the offense and her family history and background, we do not find the $150,000 restitution award to be an excessive fine in violation of article I, section 17 of the Iowa Constitution.

As in *Richardson*, the defendant is not challenging her current restitution *payment* plan. The record here does include a February 9, 2009 Department of Corrections plan indicating that Breeden has been ordered to pay twenty percent of credits to her prison institutional account to the county clerk of court for restitution. As of that date, she had discharged $1061.71 of her $150,000 obligation. We do not consider today whether Iowa Code section 910.3B could be unconstitutional as applied to a juvenile homicide offender because of her specific payment plan. On a related note, we are also not addressing the possibility that a juvenile homicide offender could show a restitution payment plan so deprives her of the opportunity for rehabilitation as to undermine the guarantees of *Miller*, *Lyle*, *Ragland*, *Pearson*, and *Null*. *See Miller*, 567 U.S. at __, 132 S. Ct. at 2470, 183 L. Ed. 2d at 423–24; *Lyle*, 854 N.W.2d at 399–400; *Ragland*, 836 N.W.2d at 121; *State v. Pearson*, 836 N.W.2d 88, 96 (Iowa 2013); *State v. Null*, 836 N.W.2d 41, 71–72 (Iowa 2013).

**IV. Conclusion.**

For the reasons stated above, we affirm the judgment and sentence of the district court.

**DECISION OF COURT OF APPEALS AND JUDGMENT AND SENTENCE OF DISTRICT COURT AFFIRMED.**

All justices concur except Appel, Wiggins, and Hecht, JJ., who dissent.

This opinion shall not be published.

**APPEL, Justice (dissenting).**

I respectfully dissent from the court's opinion for the reasons stated in my dissent in *State v. Richardson*, ___ N.W.2d ___ (Iowa 2017) (Appel, J., dissenting).

Wiggins and Hecht, JJ., join this dissent.